DISCIPLINARY PROCEEDINGS
JiPER CURIAM*
Respondent, Cheryl Hensley, violated Rule 1.3 (diligence), Rule 3.3 (candor toward the tribunal), and Rule 8.4 (misconduct) in the representation of her clients, Ray and Marie Jackson. Despite having been retained to assist Ray Jackson in the preparation of his will in July 1990 and despite respondent’s knowledge that Ray Jackson suffered from leukemia, a life-threatening disease, respondent did not draft a will for Ray Jackson until March 8,1991. On March 12,1991, Ray Jackson died intestate, as respondent failed to bring him the drafted will for his signature prior to his death.
*385 On March 21,1991, Marie Jackson brought respondent a will in olographic form, claiming that it was Ray Jackson’s last will and testament. Respondent testified before the Hearing Committee that the will was an obvious forgery and that, upon confrontation, Marie Jackson admitted to having drafted the document. Two days later, Marie Jackson presented respondent with a second will in olographic form, claiming again that it was Ray Jackson’s last will and testament. Respondent had this second will authenticated by the decedent’s mother and sister and then filed the will for probate. In so doing, respondent knowingly failed to disclose the pri- or forgery attempt to the court. The probated will was later discovered to be a forgery as well.
After a formal hearing, the Hearing Committee found that respondent had violated Rule 1.3 (diligence), Rule 8.3 (candor toward the tribunal), and Rule 8.4 (misconduct), but found several mitigating factors, including remorse, no pattern of misconduct, and lack of selfish motive. The Committee recommended a six-month suspension and five additional hours of C.L.E. training in legal ethics.
|2The Disciplinary Board rejected the Committee’s conclusions that respondent violated Rule 3.3 and Rule 8.4, finding a lack of clear and convincing evidence to support those findings. However, the Board concluded that respondent did violate Rule 1.1 (competence) and Rule 1.3 (diligence). In so concluding, the Board recommended eighteen months of inactive probation, five hours of C.L.E. training in legal ethics, and ten hours of C.L.E. training in the field of probate, succession, and family law matters.
Upon review of the reports of the Hearing Committee and Disciplinary Board and considering the transcript, record, briefs, exhibits, and oral arguments, this Court accepts the findings and recommendations of the Hearing Committee. This Court is satisfied that the respondent violated duties owed to her client, the profession, and the system.
Accordingly, it is ordered that respondent be placed on suspension from the practice of law for a period of six months. It is further ordered that during the six-month suspension period, respondent earn five C.L.E. credit hours in legal ethics. All costs of these proceedings are assessed against respondent.

 Kimball, J., not on panel. Rule IV, Part 2, § 3.